TONY WEST
Assistant Attorney General
DAVID J. KLINE
Director
JOSHUA E. BRAUNSTEIN
Assistant Director
KIRSTEN L. DAEUBLER
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 305-0194
E-mail: Joshua.Braunstein@usdoj.gov

THERESA M. HEALY
Associate Regional Counsel
United States Citizenship and Immigration Services
District 23
300 North Los Angeles Street, Room 6212
Los Angeles, CA 90012
Tel: (213) 830-5056
E-mail: Theresa.Healy@dhs.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>Fernando Arango,<br><br>　　　　　Defendant. | **CV 09-178 TUC DCB**<br><br>**STATEMENT OF FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND RESPONSE TO DEFENDANT'S MOTION TO DISMISS** |

Pursuant to Local Rule 56.1, the United States hereby files its Statement of Facts in Support of Motion for Summary Judgment and Response to Motion to Dismiss.

1. Defendant Fernando Arango ("Arango") is a native of Colombia who was born in 1954. (Form N-400 ("Exhibit A")).

2. On April 7, 1980, Vicky Tirado, a.k.a. Vicky Arango ("Tirado"), purporting to be Arango's wife, filed with the Immigration and Naturalization Service ("INS") a Petition to Classify Status of Alien Relative for Issuance of Immigrant Visa, Form I-130, on Arango's behalf. (Form I-130 ("Exhibit B")).

3. Along with the Form I-130, Tirado submitted a putative certificate of marriage memorializing the marriage between Arango and her. (Ex. B. attach.)

4. Tirado is a United States citizen. (Ex. B.)

5. Based on the putative marriage between Tirado and Arango, as well as the documents supporting the existence of the marriage, the INS approved the Form I-130 on April 22, 1980. (Ex. B.)

6. On November 4, 1980, Arango filed a State Department Optional Form 230, Application for Immigrant Visa and Alien Registration ("OF-230"). (OF-230 ("Exhibit C")).

7. On his OF-230, Arango claimed that he was eligible for an immigrant visa based on the approved Form I-130, as the spouse of a United States citizen. (Ex. C.)

8. Also on his OF-230, Arango listed Tirado as his wife and stated that his purpose in going to the United States was to join his wife. (Ex. C.)

9. On November 4, 1980, a consular officer interviewed Arango in person. (Ex. C.)

10. During the interview, Arango swore under oath that all of the statements in the OF-230 were true and complete. (Ex. C.)

11. The INS approved Arango's OF-230 on November 4, 1980 (Ex. C) and admitted him to the United States as a permanent resident on December 1, 1980 (Ex. A).

12. On June 13, 1988, Arango filed with the INS an Application for Naturalization, Form N-400, which he signed under penalty of perjury. (Ex. A.)

13. In response to Question 23 of his Form N-400, Arango represented that he had been married to Tirado from March 21, 1980, until March 27, 1984. (Ex. A.)

14. In response to Question 51 on his Form N-400, Arango swore that he had never provided false testimony to obtain an immigration benefit. (Ex. A.)

15. On June 15, 1989, Johnnie Fripp ("DAO Fripp"), who was most recently a Supervisory District Adjudications Officer of the United States Department of Homeland Security, interviewed Arango under oath regarding his Form N-400. (Fripp Decl., dated Nov. 20, 2009 ("Exhibit D")).

16. At that interview, Arango signed a sworn statement averring that the contents of his Form N-400 were true. (Ex. D.)

17. Consistent with her standard procedure, DAO Fripp placed Arango under oath at the beginning of the interview. (Ex. D.)

18. At the conclusion of the interview, Arango swore to the truth of the contents of his naturalization application. (Ex. D.)

19. Based upon Arango's answers to questions in his Form N-400, documentation Arango provided in support thereof, and Arango's testimony during his naturalization interview, the INS approved Arango's Form N-400 on June 15, 1989. (Ex. D.)

20. Arango filed a Petition for Naturalization, Form N-405, with the United States District Court for the Southern District of Florida on June 15, 1989. (Form N-405 ("Exhibit E")).

21. On September 12, 1989, Arango took the oath of allegiance, was admitted to United States citizenship, and received Certificate of Naturalization No. 14208736. (Certif. of Naturalization ("Exhibit F")).

22. On September 15, 1982, before Arango applied for citizenship but after he had received permanent residence status, Arango provided the INS with a sworn affidavit in which Arango swore, under oath and before a witness:

> In 1979 my sister Amparo told me I could become a resident by marrying a citizen. She said she knew a man who would arrange it. I'd have to pay about $2500 to him. I wouldn't have to live with the girl. Around December of 1979 I paid $2000 to Amparo to give to Miguel Dias. . . . I never met Miguel or Vicky Tirado, my wife. I never got married. Somebody else took my place at the marriage bureau. . . . Amparo gave me all the Immigration papers from Miguel and I went to the American Consulate in Toronto for my green card.

(Arango Aff., dated Sept. 15, 1982 ("Exhibit G")).

23. During his naturalization interview, Arango did not disclose to DAO Fripp that he had obtained lawful permanent residence status on the basis of a sham marriage. (Ex. D.)

24. DAO Fripp has stated that:

Had Arango told me that he obtained his green card from a sham marriage, I am certain that I would have noted this on his application. And, I would not have granted his application. In fact, because his marriage was a sham, I now know that Arango was statutorily barred from naturalizing. As a result, had Arango advised me that he obtained his green card unlawfully, I am certain that I would not have recommended that his application for naturalization be granted. Further, I am certain that I would not have administered the oath on his Petition for Naturalization. In sum, had Arango informed me at his June 15, 1989 naturalization interview that he obtained his green card unlawfully,

| | |
|---|---|
|  | consistent with my standard practice, I would have continued his application for further investigation, his petition for naturalization would not have been recommended for approval, and he would not have been sworn in as a United States citizen on September 12, 1989. |

(Ex. D.)

25. On February 13, 2007, Arango was sentenced to nine years in prison for attempted possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii)(II) and 846. At the time, Arango was serving as an officer of the United States Customs and Border Protection. (Crim. Compl. & J. in a Crim. Case (collectively, "Exhibit H")).

26. On March 30, 2009, the United States filed a complaint to revoke Arango's naturalization on the grounds that he illegally procured his United States citizenship and that he procured his citizenship by concealment of a material fact or by willful misrepresentation. (Compl. ¶¶ 36, 44, 54.)

27. Appended to the complaint was the affidavit of Stanley Ward, a Senior Special Agent of U.S. Immigration and Customs Enforcement in the Department of Homeland Security ("DHS"), showing good cause for the action. (Compl. Ex. A.)

Dated: November 23, 2009     Respectfully submitted,

TONY WEST
Assistant Attorney General

DAVID KLINE
Director

/s/ Joshua E. Braunstein
JOSHUA E. BRAUNSTEIN
Assistant Director

| | |
|---|---|
| 1 | /s/ Kirsten L. Daeubler |
| 2 | KIRSTEN L. DAEUBLER<br>Trial Attorney |
| 3 | District Court Section<br>Office of Immigration Litigation |
| 4 | Civil Division<br>U.S. Department of Justice |

/s/ Kirsten L. Daeubler
KIRSTEN L. DAEUBLER
Trial Attorney
District Court Section
Office of Immigration Litigation
Civil Division
U.S. Department of Justice

/s/ Theresa M. Healy
THERESA M. HEALY
Associate Regional Counsel
District 23
U.S. Citizenship and Immigration Services

A copy of the foregoing was served electronically or by U.S. mail this 23rd day of November, 2009 to:

Fernando Arango
1243 Bellota Court
Rio Rico, Arizona 85648