WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CV-09-00178-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| Fernando Arango, | |
| Defendant. | |

For the reasons explained below, the Government's Motion to Strike Defendant's Demand for a Jury Trial is granted and the Defendant's Motion for Rule 39 Relief is denied.

On October 9, 2012, Defendant Fernando Arango filed a demand for jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. Defendant Arango excuses his untimely demand for a jury trial because he was previously a *pro se* litigant, and he was incarcerated in a federal penitentiary. Defendant moves for relief under Rule 39(b) of the Federal Rules of Civil Procedure.

Defendant does not dispute that he did not demand a jury trial when he filed his original answer on June 26, 2009, or within the 14-day time period after his original answer was filed. See Fed. R. Civ. P. 38(b). Defendant does not argue that his Amended

Answer, which he filed with leave of the Court and without objection on October 22, 2012, did not restart his 14-day deadline according to Rule 38.

As the Ninth Circuit explained, Rule 38 cuts off a party's right to demand a jury trial 14 days after he or she files a pleading, and an amended pleading does not revive that right to the issues raised in the original pleading. *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061 (9th Cir. 2005). Thus, if the issues in the original pleading and the amended pleading turn on the same "matrix of facts," then a party is not entitled to a trial by jury. *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979). Here, Defendant's Amended Answer clarified certain answers filed by the Defendant *pro se* and included additional affirmative defenses. The issues in the Amended Answer turn on the same "matrix of facts" as those in his original Answer.

Admitting his demand for a jury trial is untimely, the Defendant asks the Court to overlook the technical requirement of Rule 38(b) and requests Rule 39(b) relief. Rule 39(b) allows the Court discretion to order a jury trial on any issue for which a jury trial might have been demanded when no demand was made, Fed. R. Civ. P. 39(b), unless there is no federal right to a jury trial, Fed. R. Civ P. 39(a)(2). The Ninth Circuit takes an extremely narrow and conservative approach in granting Rule 39(b) relief. *Pac. Fisheries Corp. v. HIH Cas. & Den. Ins. Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001).  The Court is not permitted to grant relief when the failure to make a timely demand results from an oversight or inadvertence. *Id.* Defendant argues that his circumstances are different from a typical *pro se* litigant because he was incarcerated during the first years of this litigation. *Pro se* prisoners, like other civil litigants, are required to comply with both the

federal and local court rules of civil procedure, notwithstanding the Court's obligation to make reasonable allowances for *pro se* litigants. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), overruled on other grounds, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Court does not find good cause to grant Defendant's jury demand.

Even if the Court accepted the Defendant's excuse as more than an oversight or inadvertence, relief does not exist for Defendant under Rule 39(b) because there is no federal right to a jury trial in a denaturalization proceeding. Fed. R. Civ. P. 39(a)(2). The government is correct when it states the Defendant is not entitled to a jury trial. The right of a trial by jury is provided by the Seventh Amendment or by a federal statute. Fed. R. Civ. P. 38(a). The Defendant is not entitled to a jury trial under the Seventh Amendment because it does not apply to actions against the federal government. *Lehman v. Nakshian*, 453 U.S. 156 (1981).

The Seventh Amendment provides that suits at common law, with a value in controversy exceeding twenty dollars, have the right to a jury trial. *Tull v. United States,* 481 U.S. 412, 417 (1987). Actions that are analogous to suits at common law are provided the right to a jury trial, while equity suits are not. *Id.* Denaturalization actions are suits in equity to which the Seventh Amendment does not apply, and the denaturalization statute, 8 U.S.C. § 1451(a), does not provide a jury trial. *Luria v. United States,* 231 U.S. 9, 27-28 (1913). *Id.* This Court is bound by the Supreme Court's holding in *Luria*, there is no right to a jury trial in denaturalization proceedings. *Id*.

## Conclusion

The Court strikes the Defendant's demand for a jury trial and denies him relief,

1 | pursuant to Rule 39(a)(2). There is no right to jury trial in denaturalization proceedings.

**Accordingly**,

**IT IS ORDERED** that the Motion to Strike Jury Demand (Doc. 74) is GRANTED.

**IT IS FURTHER ORDERED** that the Motion for Relief under Fed. R. Civ. P. 39(b) (Doc. 78) is DENIED.

Dated this 6th day of August, 2013.

David C. Bury
United States District Judge